# Supreme Court of Florida

_____

No. SC18-158

_____

**IN RE: AMENDMENTS TO THE RULES REGULATING THE FLORIDA BAR AND THE RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR–MILITARY SPOUSE RULES.**

[July 19, 2018]

PER CURIAM.

Before the Court is the joint petition of The Florida Bar (Bar) and the Florida Board of Bar Examiners (Board) proposing amendments to both the Rules Regulating the Florida Bar (Bar Rules) and the Rules of the Supreme Court Relating to Admissions to the Bar (Bar Admission Rules). We have jurisdiction. *See* art. V, § 15, Fla. Const.

The Bar and Board propose that the Bar Rules be amended to include new chapter 21 (Military Spouse Authorization to Engage in the Practice of Law in Florida). The proposed new chapter is composed of the following new rules: 21-1.1 (Purpose); 21-2.1 (Eligibility); 21-3.1 (Continuing Legal Education); 21-4.1 (Activities and Requirement); 21-5.1 (Annual Renewal); and 21-6.1 (Termination).

The petition also proposes that the Bar Admission Rules be amended to include new rule 2-23.7 (Military Spouse Fee).

The proposed new rules were approved by the Board of Governors of The Florida Bar, and were published for comment in *The Florida Bar News* prior to the Court's consideration of them. The notice directed interested persons to file their comments directly with the Court. One comment was filed in support of the proposed new rules. Neither the Bar nor the Board filed a response to the comment.

Having considered the joint petition and the comment filed, we adopt these proposed amendments to the Rules Regulating the Florida Bar and the Rules of the Supreme Court Relating to Admissions to the Bar. The new rules accommodate the unique mobility requirements of members of the U.S. Armed Services and their families. Service members are frequently required to relocate to duty locations around the globe based on the needs of the particular service to which they belong, with little regard to how the relocation may affect the service member's family. As a result, the assignment of a service member to a duty location in Florida may place the service member's spouse in the untenable position of having to choose between giving up the practice of law to relocate with the service member and continuing to practice law in the jurisdiction where he or she is already licensed. New chapter 21 and new rule 2-23.7 establish a process whereby the spouse of a

service member who is licensed to practice law in another jurisdiction may obtain authorization to practice law in Florida for up to five years without taking the Florida Bar Examination while the service member is assigned to a duty location in the state.

It is our hope that the adoption of these new rules will assuage some of the hardships associated with service in the U.S. Armed Services. At a minimum, our adoption of these new rules gives form to the abiding gratitude we all share for the men and women who voluntarily serve in the U.S. Armed Services and the sacrifices endured by their families.

Accordingly, new chapter 21 and new rule 2-23.7, as reflected in the appendix to this opinion, are added to the Rules Regulating the Florida Bar and the Rules of the Supreme Court Relating to Admissions to the Bar, respectively. The amendments shall become effective at 12:01 a.m., September 17, 2018.

It is so ordered.

CANADY, C.J., and PARIENTE, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
LEWIS, J., concurs in result.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules of the Supreme Court of Florida Relating to Admissions to the Bar

Joshua E. Doyle, Executive Director, Michelle Suskauer, President, John M. Stewart, President-elect, Vanessa Lee Brice, Chair, Tina Marie Fischer, Past Chair,

Military Affairs Committee, William A. Spillias, Director, Unlicensed Practice of Law, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida; and Elizabeth J. Walters, Chair, Michele A. Gavagni, Executive Director, and James T. Almon, General Counsel, Florida Board of Bar Examiners, Tallahassee, Florida,

     for Petitioner

Karlyn H. Boler, on behalf of Military Spouse JD Network, Arlington, Virginia,

     Responding with Comments

**Appendix**


**RULES REGULATING THE FLORIDA BAR**

**CHAPTER 21 MILITARY SPOUSE AUTHORIZATION TO ENGAGE IN THE PRACTICE OF LAW IN FLORIDA**
**21-1 PREAMBLE**
**RULE 21-1.1 PURPOSE**

The Supreme Court of Florida may certify a lawyer who is the spouse of a full-time active duty member of the United States armed forces to engage in the practice of law in Florida while the lawyer's spouse is stationed within this jurisdiction, due to the unique mobility requirements of military families who support the defense of the United States. A lawyer certified under this chapter is considered a member of the Florida Bar during the period of certification.

**21-2 ELIGIBILITY REQUIREMENTS**
**RULE 21-2.1 ELIGIBILITY**

To be eligible for certification under this chapter, the applicant must:

**(a)** be identified and enrolled in the Department of Defense "Defense Enrollment Eligibility Reporting System" (or identified and enrolled by the Department of Homeland Security for the Coast Guard when not operating as a service of the Navy) as the spouse of a full-time active duty member of the United States armed forces or a member of the Guard or Reserve components who is ordered to extended active duty under Title 10 of the U.S. Code and transferred from outside Florida to a duty station in Florida;

**(b)** hold a J.D. or LL.B. degree from a law school accredited by the American Bar Association at the time the applicant matriculated or graduated;

**(c)** have been admitted after passing a written examination to the practice of law in another United States jurisdiction;

**(d)** be an active member of the bar in good standing who is eligible to practice law in at least 1 United States jurisdiction;

**(e)** be a member of the bar in good standing in every jurisdiction to which the applicant has been admitted to practice law;

**(f)** establish that the applicant is not subject to lawyer discipline or the subject of a pending disciplinary matter in any other jurisdiction;

**(g)** not have failed the Florida Bar examination within 5 years of the date of application under this chapter or previously been denied admission to The Florida Bar for reasons of character and fitness;

**(h)** reside in Florida with the service member stationed in Florida or provide evidence that the applicant intends to reside in Florida with the service member stationed in Florida within 6 months of the application;

**(i)** certify having read the Florida Rules of Discipline, the Florida Rules of Professional Conduct and this chapter and agree to submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes;

**(j)** submit an application to the Florida Board of Bar Examiners in the form required by that board, including a copy of the military member's orders to a duty station within Florida;

**(k)** pay an application fee established by the Florida Board of Bar Examiners; and

**(l)** establish the applicant's qualifications as to character and fitness to the satisfaction of the Florida Board of Bar Examiners.

## 21-3 CONTINUING LEGAL EDUCATION REQUIREMENTS
## RULE 21-3.1 CONTINUING LEGAL EDUCATION

**(a) Basic Skills Course Requirement.** A lawyer certified to practice law in Florida as a military spouse must complete the basic skills course requirement as set forth in subchapter 6-12 of these rules within 6 months of initial certification.

**(b) Exemption and Deferment.** A lawyer certified to practice law in Florida as a military spouse is not eligible for exemption from or deferral of the basic skills course requirement.

**(c) Minimum Ongoing Requirement.** A lawyer certified to practice law in Florida as a military spouse must complete 10 hours of continuing legal education during each year the authorization is renewed, including 2 hours of ethics each year.

## 21-4 PERMISSIBLE ACTIVITIES AND PRACTICE REQUIREMENT
## RULE 21-4.1 ACTIVITIES AND REQUIREMENT

**(a) Generally.** Except as provided elsewhere in this chapter, lawyers certified to practice law in Florida as military spouses are entitled to all privileges, rights, and benefits and subject to all duties, obligations, and responsibilities of members of the Florida Bar in good standing and eligible to practice law in Florida.

**(b) Required Association with Florida Bar Member.** A lawyer certified under this chapter must be employed by or in a mentorship relationship with a member of The Florida Bar who is eligible to practice law in Florida. The Military Affairs Committee will establish a mentor network for this purpose and may appoint its own committee members or other members of The Florida Bar as mentors.

## 21-5 RENEWAL
## RULE 21-5.1 ANNUAL RENEWAL

The authorization under this chapter is annual. Every member of the Florida Bar certified as a military spouse lawyer must pay annual membership fees equal to those paid by active members of the Florida Bar, must provide The Florida Bar with a statement that the certified lawyer continues to be eligible under this subchapter, and must provide any other information required by The Florida Bar.

## 21-6 TERMINATION
## RULE 21-6.1 TERMINATION

**(a) Termination Due to Change in Status.**

(1) Generally. The certification to practice law under this chapter will terminate if:

(A) the service member is no longer an active duty member of the United States armed forces;

(B) the certified lawyer is no longer married to the service member;

(C) the service member receives a permanent transfer outside of Florida, except that the certified lawyer may continue to practice pursuant to this chapter if the service member has been assigned to an unaccompanied or remote assignment with no dependents authorized until the service member is assigned to a location with dependents authorized;

(D) the certified lawyer relocates outside of Florida for more than 6 continuous months;

(E) the certified lawyer requests that the certification be terminated;

(F) five years have elapsed since the certified lawyer was certified; or

(G) the certified lawyer becomes a member of The Florida Bar by meeting all admission requirements to The Florida Bar.

(2) Notice. Except on becoming a Florida Bar member by meeting all admission requirements, the certified lawyer must notify The Florida Bar in writing of any of the above events within 30 days of its occurrence, must simultaneously file in each matter pending before any court or tribunal a notice that the lawyer will no longer be involved in the case, and must provide written notice to all clients receiving representation from the lawyer that the lawyer will no longer represent them.  The Florida Bar will notify the Supreme Court of Florida and request that the certification be terminated.

**(b) Termination for Cause.**

(1) Generally.  The certification to practice law under this chapter will terminate if the certified lawyer:

(A) fails to pay the annual renewal as required elsewhere in this chapter;

(B) fails to meet the continuing education requirement as required elsewhere in this chapter;

(C) takes and fails the Florida Bar Examination or the character and fitness investigation; or

(D) is disbarred or suspended by another jurisdiction.

(2) Notice. The Florida Bar will provide written notification to the certified lawyer and the Supreme Court of Florida of any of the above events within 30 days of its occurrence.  On termination the lawyer must file in each matter pending before any court or tribunal a notice that the lawyer will no longer be involved in the case and must provide written notice to all of the lawyer's clients that the lawyer will no longer represent them.

# RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR

**2-23.7 Military Spouse Fee.** Applicants submitting an application under the Rules Regulating The Florida Bar for authorization to practice law in Florida as military spouses while their spouse is stationed within this jurisdiction must file with the Bar Application the fee of $1,000.

Military spouses applying for full admission to The Florida Bar and not relying on the rules regarding authorization to practice law in Florida as a military spouse under the Rules Regulating The Florida Bar will be required to pay the appropriate fee under rules 2-23.2 or 2-23.4, whichever is applicable.