# Supreme Court of Florida

_____

No. SC19-1861
_____

**IN RE:  AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 21-4.1.**

May 21, 2020

PER CURIAM.

The Florida Bar petitions the Court to amend Rule Regulating the Florida Bar (Bar Rule) 21-4.1 (Military Spouse Authorization to Engage in the Practice of Law in Florida; Activities and Requirement).  We have jurisdiction.  *See* art. V, § 15, Fla. Const.

Previously, in *In re Amendments to the Rules Regulating the Florida Bar and the Rules of the Supreme Court of Florida Relating to Admissions to the Bar—Military Spouse Rules*, 249 So. 3d 1256 (Fla. 2018), the Court adopted new chapter 21, establishing a "process whereby the spouse of a service member who is licensed to practice law in another jurisdiction may obtain authorization to practice law in Florida for up to five years without taking the Florida Bar Examination." *Id.* at 1256-57.  In order to obtain authorization, the spouse of a service member

must, among other things, "establish [his or her] qualifications as to character and fitness to the satisfaction of the Florida Board of Bar Examiners." R. Regulating Fla. Bar 21-2.1(l). In a letter to the Court, Bob Dillinger, Public Defender for the Sixth Judicial Circuit, observed that the Board's character and fitness review can take several months to complete, hindering the ability of a service member's spouse to obtain employment, as well as frustrating potential employers. Upon consideration of Mr. Dillinger's letter, the Court asked the Bar to consider whether chapter 21 should be amended to permit a service member's spouse to engage in the supervised practice of law as a certified legal intern until the Board completes its character and fitness review and he or she obtains authorization to practice law in Florida.

In response to the Court's request, the Bar submitted the instant petition, wherein it proposes the addition of new subdivision (c) (Temporary Certification) to Bar Rule 21-4.1. Under the new subdivision, the spouse of a service member who has applied for certification under chapter 21 to engage in the practice of law in Florida may be certified by the Court to act as a certified legal intern while his or her application is pending. The Bar's proposal was unanimously approved by the Board of Governors of The Florida Bar, and formal notice of the proposed amendments was published in *The Florida Bar News*. The notice directed

interested persons to file their comments directly with the Court. No comments were received.

Having considered the Bar's petition, the Court hereby adopts the amendments to Bar Rule 21-4.1 proposed by the Bar with the following modification. We add the phrases "a member of an out-of-state bar in good standing," and "submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes," to new subdivision (c) to ensure that persons temporarily certified under the subdivision are eligible for certification under chapter 21 to practice law in Florida as the spouse of a service member and are subject to the Court's disciplinary authority.

Accordingly, we thank Mr. Dillinger for bringing this matter to our attention and amend Rule Regulating the Florida Bar 21-4.1 as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments shall become effective July 20, 2020.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS AMENDMENT.

Original Proceeding – Florida Rules Regulating the Florida Bar

Joshua E. Doyle, Executive Director, John M. Stewart, President, Dori Foster-Morales, President-elect, William A. Spillias, Director, Unlicensed Practice of

Law, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

for Petitioner

**Appendix**

**RULES REGULATING THE FLORIDA BAR
CHAPTER 21 MILITARY SPOUSE AUTHORIZATION TO ENGAGE IN
THE PRACTICE OF LAW IN FLORIDA
21-4 PERMISSIBLE ACTIVITIES AND PRACTICE REQUIREMENT
RULE 21-4.1 ACTIVITIES AND REQUIREMENT**

(a) **Generally.** Except as provided elsewhere in this chapter, lawyers certified to practice law in Florida as military spouses are entitled to all privileges, rights, and benefits and subject to all duties, obligations, and responsibilities of members of theThe Florida Bar in good standing and eligible to practice law in Florida.

(b) **[NO CHANGE]**

(c) **Temporary Certification.** A military spouse who has made application under this rule may be certified by the Supreme Court of Florida to act as a certified legal intern while the application for certification as a military spouse lawyer is pending. A military spouse applicant certified as a legal intern must be a member of an out-of-state bar in good standing, employed by or in a mentorship relationship with a member of The Florida Bar who is eligible to practice law in Florida, and submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes. Certification as a legal intern will terminate on certification of the applicant as a military spouse lawyer or on denial of certification as a military spouse lawyer.